**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Heather Breitbach, by her parents
Vern and Della Breitbach; *et al.*

                                                              Civil No. 06-1222 (DWF/RLE)

              Plaintiffs,

v.

St. Cloud Driving School; *et al.*,

              Defendants.

---

# CONSENT DECREE AND ORDER

### INTRODUCTION

      1.     Plaintiffs commenced this action against Defendants pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189, and the U.S. Department of Justice's implementing regulation, 28 C.F.R. Part 36, alleging, *inter alia*, that Defendants violated Title III of the ADA by discriminating on the basis of disability against persons who are deaf and/or hard of hearing and those related to or associated with them. Plaintiffs also alleged, *inter alia*, that Defendants violated the Minnesota Human Rights Act, Minn. Stat. § 363A.11 (Supp. 2003), (the MHRA) on the basis of disability against persons who are deaf and/or hard of hearing and those related to or associated with them.

      2.     **SUMMARY OF CLAIMS:** The Plaintiffs in each of the above-referenced actions allege that Defendants violated the ADA and the MHRA by failing to provide qualified sign language interpreters and/or other auxiliary aids and services necessary for effective communication to deaf persons who wished to participate in the driver's education classes (classroom instructions and behind-the-wheel training) Defendants offer to the general public.

      3.     **AGREEMENT REGARDING JURISDICTION:** Plaintiffs and Defendant agree that this Court has jurisdiction over the parties and the subject matter of this action.

4. **RIGHT TO ATTORNEY:** Defendants understand that MDLC is the attorney for Plaintiffs and is not their attorney.  Defendants have been notified of, and understand that they have the right to be represented by an attorney of their choice to represent them in this action and to enter a defense to the Plaintiffs' Amended Complaint.  The Defendants have submitted this Stipulated Consent Decree to an attorney of their choice for review and advice.

5. **AGREEMENT REGARDING SETTLEMENT OF CLAIMS:**  Plaintiffs and Defendants agree that this controversy should be resolved without further proceedings and without an evidentiary hearing and, therefore, consent to the entry of this Consent Decree.  The Defendants recognize that the Plaintiffs and other deaf and hard-of-hear people need auxiliary aids and services (including qualified sign language interpreters) so that communication with them is effective and so that they can receive the full benefit of the classes and training programs Defendants offer.  Plaintiffs recognize that Defendants have voluntarily taken steps to provide effective communication with deaf and hard-of-hearing students and their parents.  This Consent Decree shall not be construed as an admission by Defendants of any legal liability to the Plaintiffs, and Defendants deny liability. The Plaintiffs and Defendants have submitted a Stipulation agreeing that the Court may order and file the following Consent Decree.

# IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

6. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 12188(b)(1)(B); 28 U.S.C. §§ 1331 and 1345; 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that all claims alleged in the Complaint arose within this District.  Declaratory relief is appropriate pursuant to 28 U.S.C. §§ 2201 and 2202.

8. The Plaintiffs in Case No. 06 CV-1222 are:

   Heather Breitbach, by and through her parents, Vern and Della Breitbach;
   Amelia Boos;
   Craig Roering, by and through his mother, Kathleen Roering;
   Charles Schumacher, by and through his mother, Cindy Schumacher; and
   Ashley Antonelli.

9. The Defendants in Case 06-CV-1222 are:

>St. Cloud Driving School;
>Central Minnesota Driving Academy;
>Superior Driving Academy;
>Sartell Driving School; and
>Central Lakes Driving School.

10. For purposes of this litigation, Defendants own and operate facilities that are "public accommodations" within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7)(F), and its implementing regulations at 28 C.F.R. § 36.104. For purposes of this litigation, they own and operate "places of public accommodation" within the meaning of the Minnesota Human Rights Act, Minn. Stat. § 363A.03, subd. 34.

## DEFINITIONS

11. **"Auxiliary aids and services"** has the meaning used in the statutes and regulations identified in paragraph 10 and means qualified sign language or oral interpreters, note takers, computer-assisted real time transcription services, written materials, telephone handset amplifiers, assistive listening devices, assistive listening systems, telephones compatible with hearing aids, closed caption decoders, open and closed captioning, TTYs, large-print materials, acquisition or modification of equipment or devices, universal sound signalers, sonic blink strobe receivers, telephone signalers, and other methods of delivering effective communication that may have come into use or will come into existence in the future.

12. **"Qualified sign language interpreter," "oral interpreter,"** or **"interpreter"** has the meaning used in the statutes and regulations identified in paragraph 10 and means a person who is able to interpret competently, accurately, and impartially, both receptively and expressively, using any specialized terminology necessary for effective communication.

13. **"Effective date of this consent decree"** means the date this Consent Decree is filed by the Court with the Clerk of Court.

14. **"Parties"** means the plaintiffs and defendants identified in Paragraphs 8 and 9, above.

## INJUNCTIVE RELIEF

**GENERAL OBLIGATIONS**

15. **No Discrimination based on Disability.** Defendants will provide deaf and hard-of-hearing people with full and equal access to and enjoyment of the services, privileges, facilities, advantages, and accommodations of their drivers' education schools, including, but not

limited to, classroom instruction and behind-the-wheel training, as required by this Consent Decree, the Americans with Disabilities Act, and the Minnesota Human Rights Act.

16.     **No Discrimination by Association:**  Defendants will not deny equal services, accommodations, or other opportunities to any individual solely because of the known relationship of the person with someone who is deaf or hard-of-hearing.

**PROVISION OF AUXILIARY AIDS AND SERVICES**

17.     Defendants will provide to deaf and hard-of-hearing people any auxiliary aids and services (including qualified ASL interpreters) that are required by law for effective communication in connection with the driver's education services they offer, without any additional charge for the aids and services.

18.     Defendants shall reimburse Plaintiffs Breitbach and Boos $1,640 (one half to each Plaintiff) for the cost of ASL interpreting services Breitbach and Boos paid for in connection with the driver's education classroom classes that Heather Breitbach and Amelia Boos took between March 13- April 3, 2006.  Defendants shall each be responsible for paying 1/5 of this amount (*$*328.00) .  Defendants shall make this payment no later than 30 days after the effective date of this Consent Decree.

19.     The Defendants shall provide qualified ASL interpreters for classroom instruction for Plaintiff Roering without charge to Roering:  Roering may choose the driving school he will attend.  The driving school he selects shall be responsible for hiring a sufficient number of qualified sign language interpreters for each classroom session.  All of the defendants shall share the cost of the interpreters on a pro-rata basis.

20.     Defendants shall use captioned films, video tapes and/or DVD's for Roering's classes.  The Defendants shall share captioned audio/visual material among themselves.

21.     The Defendants shall provide qualified ASL interpreters at no charge for behind-the--wheel training for Plaintiffs Heather Breitbach, Amelia Boos, Charles Schumacher, Craig Roering and Ashley Antonelli.  Defendants shall divide the cost among themselves in the following manner:

   a.    Each plaintiff may select the driving school he/she will attend for behind the wheel training.  The driving school will be responsible for hiring a qualified sign language interpreter for the training sessions.  The defendants shall divide the total cost of providing sign language interpreters for plaintiffs' behind the wheel training on a pro-rata basis.

   b.    The defendants may provide behind the wheel training for plaintiffs by contracting with a certified driving instructor who is also a qualified sign language interpreter.  Any cost of providing such an instructor that exceeds the regular cost of instruction shall be divided on a pro-rata basis among the defendants.

4

22.	The Defendants shall provide qualified ASL interpreters without charge for any and all deaf or hard of hearing persons in the future who wish to take the driver's training classes and behind-the-wheel training the Defendants offer in the following manner:

a.	**Classroom Instruction:** Defendants shall jointly offer classes with a sufficient number of qualified sign language interpreters three times each year at one or more driving schools. Defendant shall advertise that such classes are available in their advertising materials. If no deaf or hard of hearing person registers for the classes, defendants shall not be required to provide interpreters for the classes. The cost of interpreters for these classes shall be divided among the Defendants on a pro rata basis.

b.	If two or more deaf or hard of hearing persons request classroom instruction from any of defendants at a time other than the three scheduled sessions with interpreters, and if those deaf or hard of hearing persons will take the classroom instruction at the same time, the defendant school shall provide the classroom instruction with a sufficient number of qualified sign language interpreters at the times requested by the deaf and/or hard of hearing persons. The cost of providing sign language interpreters for these classes shall be divided among the defendants on a pro-rata basis.

c.	The defendants may elect to provide classroom instruction for deaf and/or hard of hearing people in the future by contracting with a certified driver's training instructor who is also a qualified sign language interpreter, in which case, the driving school will not be required to provide any additional sign language interpreters. Any costs incurred by a driving school that elects to use such an instructor that exceeds the regular cost of the drivers training class shall be shared by the defendants on a pro-rata basis.

d.	The defendants shall use captioned films, videotapes and/or DVD's for the classroom instruction.

e.	**Behind The Wheel Training.** When a deaf or hard of hearing person notifies one of the defendants driving schools that he/she is registering for behind the wheel training offered by the school, the driving school shall be responsible for hiring a qualified sign language interpreter for the behind the wheel training sessions. The defendants shall divide the cost of providing the sign language interpreter between them on a pro-rata basis.

f.	The defendants may provide behind the wheel training to deaf and hard of hearing people in the future by contracting with a certified drivers training instructor who is also a qualified sign language interpreter. Any costs of providing such an instructor that exceeds the regular cost of instruction shall be divided among the defendants on a pro-rata basis.

23. The Defendants agree to adopt the following non-discrimination policy as of the effective date of the Consent Decree:

> In compliance with the Americans with Disabilities Act (ADA), and the Minnesota Human Rights Act (MHRA) [Driving School] will not discriminate against individuals on the basis of their disabilities. As required by the ADA and the MHRA, [Driving School] will provide appropriate auxiliary aids and services at no cost to people who are deaf or hard-of-hearing, including qualified sign language interpreters, to ensure that communications with people who are deaf or hard-of-hearing are as effective as communications with others, unless providing such auxiliary aids or services would fundamentally alter the nature of the program or result in an undue burden. Please contact _____ at the School regarding questions or to request an auxiliary aid or service.

Defendants shall prominently post copies of the policy adopted pursuant at each Defendants' administrative/registration desk and each Defendant shall provide a copy of the policy to any person upon request.

24. The Defendants further agree to incorporate the following statement into all print materials and websites they use to advertise their services (other than paid advertising such as Yellow Pages):

> In compliance with the Americans with Disabilities Act (ADA) and the Minnesota Human Rights Act (MHRA), the [Driving School] will not discriminate against individuals on the basis of their disability and will provide appropriate auxiliary aids and services without charge unless providing such auxiliary aids or services would fundamentally alter the program provided or result in an undue burden. This includes providing ASL interpreter services at no charge for deaf or hard-of-hearing people.

This statement will be inserted into the advertising materials used by the Defendants beginning with the summer 2006.

25. **Training:** The Defendants shall provide training to all of their staff within 30 days of the date this Consent Decree is filed on the requirements and obligations of the Americans with Disabilities Act and the Minnesota Human Rights Act to ensure effective communication with deaf and hard-of-hearing people, as well as the specific requirement of this Consent Decree. The Defendants shall train all new employees within 30 days of the start of their employment on these obligations and requirements. The Defendants shall also provide follow up materials and training to their staff on an annual basis.

26. The parties recognize that other schools in the St. Cloud area may choose to offer drivers education classes and training for deaf and/or hard-of-hearing students, using the shared, group system described in this Order. In the event that another school(s) chooses to participate

in this group, the Defendants may include that school(s) in the calculation of the pro-rata share of interpreter costs.

27.     The parties understand that the Minnesota DMV does not provide interpreters for the drivers license test it administers. If a student agrees to waive an interpreter for one or more of the behind-the-wheel sessions in order to prepare for the license test, the defendants shall not be required to provide an interpreter for the session(s). The Defendants agree that they will not take any actions to coerce, force or encourage students to waive their right to an interpreter.

28.     On or before forty-five (45) days following the affective date of this consent decree, the Defendants will submit a letter to the attorney for Plaintiffs certifying that they have taken the steps required above to comply with this Agreement. The letter shall provide: 1) a written statement certifying the non-discrimination policy in Paragraph 23 is the official policy of the Defendant; and 2) that the steps identified in Paragraphs 18 and 25 have been met.

## MISCELLANEOUS PROVISIONS

29.     **RELEASES**: The Plaintiffs will each complete and execute the Release form attached as **Exhibit A** to this Consent Decree and mail or deliver the original Release Form to the Defendants.

30.     **SIGNERS AUTHORIZED BY DEFENDANTS:** The signer of this document for each Defendant represents that he or she is authorized to bind the Defendant to this Agreement.

31.     **TERM OF CONSENT DECREE**: The United States District Court for the District of Minnesota will retain jurisdiction over this action for the purpose of ensuring compliance and enforcing the provisions of this Consent Decree for two (2) years from the Effective Date of this Consent Decree, after which time its jurisdiction will be terminated unless the Court determines, based on findings of noncompliance by any of the defendants, that it is necessary to extend its jurisdiction, in which case those requirements, after hearing, may be extended subject to the requirements of equity.

32.     **CHANGING CIRCUMSTANCES**: During the term of this Consent Decree, there may be change in circumstances such as, for example and without limitation, an increased or decreased availability of qualified sign language or oral interpreters or developments in technology to assist or improve communications with persons who are deaf or hard-of-hearing. If any Party to this Consent Decree determines that such changes create opportunities for communicating with deaf or hard-of-hearing people more efficiently or effectively than is required under this Consent Decree, or create difficulties in providing auxiliary aids and services not presently contemplated, the Party may propose changes to this Decree by presenting written notice to the other Parties. Such changes will then only be presented to the Court for incorporation in this Consent Decree if all the Parties to this Consent Decree grant their approval, which will not be unreasonably withheld. The Parties will negotiate in good faith prior to proposing any changes to the Court.

33. **THIRD PARTY BENEFICIARIES**: Subject to the terms and conditions of this consent decree, deaf or hard of hearing persons who attempt to register for drivers education classes offered by defendants (including classroom instruction and behind the wheel training) shall have the right to bring legal action to enforce this consent decree.

34. **BINDING**: This Consent Decree is final and binding on the Parties, including all principals, agents, executors, administrators, representatives, successors in interest, beneficiaries, assigns, heirs, and legal representatives thereof. Each Party has a duty to so inform any such successor or in interest.

35. **NON-WAIVER**: Failure by the Plaintiffs to seek enforcement of this Consent Decree pursuant to its terms with respect to any instance or provision will not be construed as a waiver to such enforcement with regard to other instances or provisions.

36. **SEVERABILITY**: In the event that the Court determines that any provision of this Consent Decree is unenforceable, such provision will be severed from this Consent Decree and all other provisions will remain valid and enforceable, provided, however, that if the severance of any such provision materially alters the rights or obligations of the Parties hereunder, they will, through reasonable, good faith negotiations, agree upon such other amendments to this Consent Decree as may be necessary to restore the Parties as closely as possible to the relative rights and obligations initially intended by them hereunder.

37. **RETALIATION**: The Defendants will not retaliate against or coerce in any way any person who is trying to exercise his or her rights under this Consent Decree, the Americans with Disabilities Act, or the Minnesota Human Rights Act.

38. **NOTICES**: Any notice to Plaintiffs and Defendants required under this Consent Decree will be provided to their attorneys at the following addresses:

For Plaintiffs:

Roderick J. Macpherson III and Justin Page
Minnesota Disability Law Center
430 First Avenue North #300
Minneapolis, MN  55401

For Defendants:

Paul R. Harris and John L. Greer
Hughes Mathews, P.A.
110 Sixth Avenue South, Suite 200
PO Box 548
St. Cloud, MN  56302-0548

**IT IS SO ORDERED**, this 8th day of August, 2006.

               s/Donovan W. Frank
               Donovan W. Frank
               United States District Judge

# EXHIBIT A

# RELEASE

Plaintiff for the consideration described in the Consent Decree the sufficiency of which is hereby acknowledged, do for their selves, their heirs, executors, administrators, heirs, and assigns, release and forever discharge Defendants and their members, directors, trustees, representatives, employers, employees, agents, and all other persons in active concert or participation with Defendants from all claims, demands, damages, actions, or causes of actions, whether administrative, legal or equitable, on account of or in any way resulting from the allegations set forth in (or that could have been set forth in) the Amended Complaint filed in Breitbach, et al. v. St. Cloud Driving School, et al., Civ. No. 06-CV-1222 (D. Minn.).

It is further understood and agreed that the terms of this Release are contractual and not a mere recital and that this Release is binding upon and adheres to the benefit of the parties jointly and severally, and the executors, administrators, personal representatives, heirs, successors and assigns of each.

The undersigned further declares and represents that no promise, inducement or agreement not herein expressed has been made to the undersigned.

Dated:  _____          _____
                                        Signature
                                        Printed Name:  Plaintiff

Subscribed and sworn to before me
this ____ day of _____, 2006.

_____
         Notary Public